UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE: )
 ) Chapter 11
KWIK-WAY PRODUCTS, INC., )
 ) Bankruptcy No. 08-00362
    Debtor. )

**ORDER RE: LINN-AIRE PROPERTIES' POSTPETITION
ADMINISTRATIVE CLAIM FOR RENT**

    This matter came before the undersigned on February 18, 2009.  Debtor was represented by attorney Anita Shodeen.  Linn-Aire Properties, Ltd. was represented by attorney Patrick Roby.  Attorney Thomas McCuskey appeared for D & R Capital, LLC.  After the presentation of evidence and argument, the Court took the matter under advisement.  The time for filing briefs has now passed and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (B).

**STATEMENT OF THE CASE**

    Linn-Aire Properties, as Debtor's landlord, asserts an administrative claim for postpetition rent.  Debtor argues Linn-Aire has failed to prove it is entitled to an administrative claim.  Also, Debtor has performed services and paid for expenses, the value of which it is entitled to offset against Linn-Aire's claim for rent.

**FINDINGS OF FACT**

    Debtor has operated its business in the same building since it was built in the 1970s.  Since the mid- to late-1980s, Debtor has leased the building from Linn-Aire Properties.  The most recent lease was originally dated October 31, 1995 and was modified and extended with a final expiration date of December 31, 2006.  After the expiration date, Debtor continued to occupy the leased premises as a holdover tenant under the terms of the lease.  Eventually, Debtor was unable to make all the lease payments.  Debtor filed its Chapter 11 bankruptcy petition on March 5, 2008.  According to the Report on Claims, Linn-Aire holds a prepetition unsecured claim of $212,275.15, which is not in dispute.

    Linn-Aire introduced a copy of the lease with modifications and extensions as Exhibit 1.  Under the lease, Debtor as Lessee is responsible for paying taxes to Linn-Aire on a monthly basis.

The lease also provides that Debtor is responsible for paying property insurance, liability insurance, utilities charges, and repairs and maintenance. The parties refer to this as a triple net lease. Paragraph 24 of the lease addresses holding over and provides that the terms of the lease shall remain the same after expiration of the lease, during which time Debtor would be a month-to-month tenant. The parties agree that, at the petition date, the monthly rent was $34,232.53, plus $8,222.50 for property tax escrow, or a total of $42,455.03.

Tenancy in the building has changed postpetition. Debtor's subtenant, Legacy, is no longer in the building. In May 2008, Debtor vacated part of its square footage. The space Debtor previously occupied has been leased by Linn-Aire to three other tenants: Linn-Mar School, Prince Agri and Spur Mills. Unlike Debtor's lease, the three new tenants have gross leases with Linn-Aire. The costs to Linn-Aire for ongoing taxes, insurance, utilities and maintenance are built into the amount of the gross rent paid by these tenants. One exception is that Spur Mills' utilities are metered separately and paid directly to Debtor.

Since September, Debtor has paid Linn-Aire a total of $20,260 per month which represents rent and the escrow for taxes. This amount was proposed by Debtor, accepted by Linn-Aire at a hearing on September 3, 2008, and ordered by the Court while reserving all remaining issues as to the appropriate amounts of postpetition rent and setoffs.

Taking into account only the amount of the monthly rent and tax escrow, including the reduction in rent ordered in September, the total postpetition amount due is $329,012.95. Debtor made total payments of $224,231.98, leaving $90,100.21 unpaid. Linn-Aire and Debtor appear to agree on this amount, as calculated in Exhibit A. Debtor presents an alternative method of calculating the payments remaining due in Exhibit L, showing $78,073.42 unpaid. According to Debtor's Brief, the difference arises from amounts paid and due in September. Exhibit L uses the lower, Court-ordered amount of $20,260 for rent in September and also offsets the amounts paid by other tenants to Linn-Aire. The $20,260 amount, however, already includes deductions for amounts pay by other tenants. The Court concludes that the amount shown on page 2 of Exhibit A, or $90,100.21, is the proper amount due to Linn-Aire for postpetition rent before offsets.

Debtor's Exhibit A, pages 3 and 4, lists the amounts which Debtor wishes to offset against the unpaid rent. Debtor asserts a monthly Property Management Fee of $1,892.13 and a monthly Utilities Offset of $2,204.89. The Utilities Offset is based on

the amount of utilities used by Linn-Mar and Prince Agri, as calculated in Exhibit E.

The general manager of Debtor, David Parks, testified that the Property Management Fee is calculated at 4% of the gross payments of all the leases. He stated that he learned this is a typical fee by conferring with other commercial property owners, locally and in Chicago. Exhibit E shows the gross monthly rent for the other three tenants is $22,187 and Debtor proposes a monthly rent of $25,000 for its space in the building.

Debtor also seeks an offset of expenses it incurred at the building to make it ready for Linn-Mar and Prince Agri. The expenses for the Linn-Mar Project total $28,322.83. These are documented by invoices and checks in Exhibit G. The expenses for the Prince Agri Project total $19,520.88, with supporting documents in Exhibit H. The remaining type of offset Debtor is claiming is "Operating Expenses Paid by Kwik-Way" totaling $17,661.78. This category includes payments to third parties for items such as HVAC repair, lawn mowing, security, insurance, snow removal, etc. Exhibit F includes supporting documentation for these expenses. Also included in this category are four entries described "Kwik-Way Building Maintenance labor" totaling $6,333.00.

Linn-Aire is an Iowa limited partnership. Both Dan Virnich and Thomas Parks own 47.5% of Linn-Aire, with the remainder owned by Danvir Consultants, Inc., an Illinois corporation which Mr. Virnich and Thomas Parks own in equal shares. Thomas Parks is the father of David Parks, the General Manager of Debtor, and was formerly the Chairman of the Board of Debtor. David Parks testified that he has no ownership interest in Linn-Aire although he is led to believe that he is a director of Danvir.

A certain amount of animosity exists between Linn-Aire's partners, of which David Parks is aware. Due to litigation in Wisconsin against Dan Virnich, a receiver was appointed and Mr. Virnich turned over his ownership interest in Danvir to the receiver. Mr. Virnich has not been involved in the operations of Linn-Aire for some time. Thomas Parks has signed the recent leases with other tenants and communicated with Debtor regarding its tenancy. Debtor is not a party to the leases between Linn-Aire and the three other tenants.

David Parks testified that Debtor performed work at the building and property management at the request of one of Linn-Aire's partners, his father Thomas Parks. He stated that this partner also agreed that Debtor could offset from rent due the

3

cost of utilities used by other tenants, and asked Debtor to work on the Linn-Mar and Prince Agri projects. These agreements between Debtor and Linn-Aire are not in writing. David Parks testified that he was directed by Thomas Parks to undertake all the work Debtor performed for Linn-Aire, including the Linn-Mar and Prince Agri projects, and Debtor would not have done the work without being directed to do so by the landlord. By offsetting the costs to Debtor from all these alleged agreements against amounts owed to Linn-Aire for rent and tax escrow postpetition, Debtor calculates that Linn-Aire owes Debtor $8,181.44. Ex. A.

## ADMINISTRATIVE EXPENSE CLAIM

On February 23, 2009, the Court confirmed Debtor's Chapter 11 plan. Linn-Aire conditionally consented to confirmation "so long as there is no prejudice to Linn-Aire with regard to the amount or allowance of its post-petition administrative claim." (Doc. 190). Linn-Aire's claim is treated in Class 4 of the Plan, which states, in relevant part: "Any amounts owing for post-petition rent are treated as an Administrative Claim. This claim is unimpaired." (Doc. 177, p. 8). In its Brief, Debtor agrees that its continued occupation of the building permits Linn-Aire to assert an administrative claim for rent. (Doc. 212, p. 5-6). It argues, however, that Linn-Aire has failed to assert an administrative claim or to substantiate its entitlement to administrative claim treatment under § 503(b)(1). The Court concludes, for the reasons set out hereafter, that this argument is inconsistent with existing law and may, arguably, be inconsistent with the provisions of the confirmed Chapter 11 Plan.

A majority of courts have held that postpetition rent under an unexpired lease of nonresidential real property is entitled to administrative priority under § 365(d)(3) notwithstanding the requirement of § 503(b)(1)(A) that, to be accorded administrative expense status, expenses must be actual and necessary costs of preserving the bankruptcy estate. In re Schnitz, 293 B.R. 7, 9 (Bankr W.D. Mo. 2003). Construing the term "lease" broadly, the court in In re Brewer, 233 B.R. 825, 827 (Bankr. E.D. Ark. 1999), held that § 365(d)(3) applied to a month-to-month tenancy after a written lease expired. In contrast, the court in In re Malden Mills Indus., Inc., 303 B.R. 688, 706 (B.A.P. 1st Cir. 2004), held that when a debtor is a holdover tenant under an expired lease, the claim is treated differently and falls under § 503(b)(1)(A).

> In making a determination under § 503(b)(1)(A), whether
> a claim is an "actual, necessary 'cost and expense' of

4

> preserving the estate," courts generally consider
> whether (1) the expense arose from a transaction with
> the estate, and (2) whether it benefitted the estate in
> some demonstrable way.  Section 503(b)(1)(A) requires
> the creditor to demonstrate that the expenses provided
> a tangible benefit to the bankruptcy estate before they
> may be granted administrative expense status.

In re Williams, 246 B.R. 591, 594 (B.A.P. 8th Cir. 1999) (citations omitted).  Linn-Aire, as the party requesting payment as an administrative expense, has the burden of proving entitlement to priority payment.  In re Hemingway Transport, Inc., 954 F.2d 1, 5 (1st Cir. 1992).

Based on the foregoing, the Court concludes that Linn-Aire is entitled to an administrative expense claim.  Debtor's confirmed Chapter 11 Plan provides that amounts owing for post-petition rent are to be treated as an Administrative Claim which is unimpaired.  Linn-Aire consented to confirmation so long as its right to an administrative claim for postpetition rent is not prejudiced.  It is entitled to an administrative claim under either § 365(d)(3) or § 503(b)(1)(A).  There is sufficient evidence in the record that Linn-Aire's claim for rent arose from a transaction with Debtor and the bankruptcy estate benefitted.  Linn-Aire allowed Debtor to continue occupying its business premises, which in turn kept its business operating postpetition.

**OFFSETS**

Although the lease between the parties expired in December 2006, they have comported themselves as if it had not expired.  This type of arrangement is contemplated in the holdover provision in Paragraph 24 of the lease which states that the terms of the lease remain in effect after expiration while the Debtor is a month-to-month tenant.  As such, the Court will rely on the provisions of the lease in making its determinations herein.

Based on the record presented, the Court finds that Linn-Aire, through its partner, Thomas Parks, directed Debtor to perform work on the Linn-Mar Project and the Prince Agri Project.  Although Linn-Aire has directed Linn-Mar to pay Debtor, Linn-Aire is directly obligated to reimburse Debtor for its work on the project based on its agreement with Debtor to do the work.  Linn-Aire has not produced any evidence that the amounts Debtor seeks to set off are improper.  Therefore, the Court concludes Debtor may deduct $28,322.83 and $19,520.88, respectively, from the total amount of rent remaining due to Linn-Aire for its work on

the Linn-Mar and Prince Agri Projects.  In addition, the amount
Debtor claims as Utilities Offset, i.e. eight months at $2,204.89
per month, or a total of $17,639.12, is properly deducted from
the rent due based on an agreement between Debtor and Thomas
Parks, acting on behalf of Linn-Aire.

     Remaining in dispute are the monthly Property Management Fee
of $1,892.13, or a total of $15,137.04 over eight months, and
Operating Expenses totaling $17,661.78.  Based on the triple net
lease, these are the responsibility of Debtor.  Debtor, however,
is no longer the sole tenant of the building.  Because of the
change in occupancy in the building, the cost of property
management and the operating expenses are rightfully shared
between Debtor, who is responsible for its own needs in the
building under the triple net lease, and Linn-Aire, who is
responsible for the needs of the other tenants under their gross
leases.  Thomas Parks, for Linn-Aire, directed the other tenants
to contact Debtor to resolve property management issues.  Linn-
Aire did not otherwise provide property management for the
premises.

     The monthly Property Management Fee should be $887.48, which
is four percent of the total Gross Monthly Rent paid by the other
three tenants of $22,187.  Debtor may deduct eight months of that
fee from the total rent due, or $7,099.84.  Based on the square
footage used by the tenants and the amount of total rent payable,
the Court concludes that Debtor and Linn-Aire are each liable for
half of the $17,661.78 of Operating Expenses, or $8,830.89.

```
     Postpetition rent owing                    $90,100.21

     Minus:
         Linn-Mar Project                       $28,322.83
         Prince Agri Project                     19,520.88
         Utilities Offset                        17,639.12
         Property Management Fee                  7,099.84
         Operating Expenses                       8,830.89

     Total administrative expense claim:    $ 8,686.65
```

     In summary, Linn-Aire Properties is entitled to an
administration expense claim of $8,686.65.  This is based on
postpetition rent due from Debtor less amounts Linn-Aire agreed
to offset from rent due for services performed by Debtor.  This
claim has priority status as an unimpaired Class 4 administrative
claim in Debtor's confirmed Chapter 11 plan.

**WHEREFORE**, Linn-Aire Properties, Ltd. has an administrative expense claim of $8,686.65.

DATED AND ENTERED:

March 23, 2009

*Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE